HOLLMEYER V. McKINNEY.

WORD "DOCKET" IN SEC. 5227 REV. STAT. REFERS TO JOURNAL.

The word "docket" in the act of March 25, 1902 (95 O. L. 66; see Sec. 5227 Rev. Stat.), requiring a party desiring to appeal his case to the circuit court to file a written notice of such intention "within three days after the judgment or order is entered on his docket by the trial judge," refers to the journal.

MOTION to dismiss appeal.

**Ernst Rehm,** for plaintiff.

**Closs & Luebbert** and **Stanley Struble,** contra.

JELKE, J.

This cause comes on for hearing on plaintiff's motion to dismiss the appeal, and depends upon the construction given to the word "docket" in the act of March 25, 1902 (95 O. L. 66), Sec. 5227 Rev. Stat. :

"A party desiring to appeal his cause to the circuit court shall, within three days after the judgment or order is entered on his docket by the trial judge file a written notice of such intention."

This court has always been very strict in requiring compliance with the statutory provisions in the matter of appeals.

Here it is a question of ascertaining what the statute means before enforcing the strict compliance.

We are of opinion that the word "docket" here used must mean some book which is part of the record of the case, and here must mean the journal.

We are led to this conclusion by the words of the statute before this amendment and of the subsequent enactment of October 22, 1902 (96 O. L. 12) ; see also Moore v. Brown, 10 Ohio 197.

It must mean the book in which "the judgment or order is entered," and this is done only on the journal.

Appellant has complied with this construction of the statute and the motion will be overruled.